# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

GERALD FRANCIS GOODE,

        Plaintiff,

v.

                                     Case No. 3:22-cv-1428-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

## I.  Status

Gerald Francis Goode ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of a lung injury causing shortness of breath, major depressive disorder (moderate to severe) with anxious distress, cognitive impairment, and sleep disorder. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed March 24, 2023; Reference Order (Doc. No. 13), entered March 28, 2023.

"administrative transcript"), filed March 24, 2023, at 109, 126-27, 391. Plaintiff protectively filed an application for DIB on September 26, 2019, alleging a disability onset date of April 8, 2019.[3] Tr. at 343-46. The application was denied initially, Tr. at 109-24, 125, 150, 151-53, and upon reconsideration, Tr. at 126-48, 149, 157, 159, 160-72.[4]

On May 25, 2021, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who was represented by counsel, and Tricia Oakes, a vocational expert ("VE") ("First VE"). See Tr. at 81-108. On February 8, 2022, the ALJ held a supplemental hearing,[6] during which she heard from Plaintiff; from an examining psychologist presented by Plaintiff; and from a different VE: Ted Mitchell ("Second VE"). Tr. at 52-80; see Tr. at 262, 276 (Plaintiff's counsel requesting permission to present psychologist testimony). On March 4, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 13-43.

---

[3]     Although actually completed on October 3, 2019, see Tr. at 343, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as September 26, 2019, see, e.g., Tr. at 109, 126.

[4]     Some of these cited documents are duplicates.

[5]     The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 83, 191-98, 235.

[6]     This hearing was also held via telephone with Plaintiff's consent because of the COVID-19 pandemic extraordinary circumstances. Tr. at 54-55, 276, 327.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel. See Tr. at 4-5 (Appeals Council exhibit list and order), 335-37 (request for review), 572-77 (brief). On November 10, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On December 26, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ: 1) "violated [Plaintiff's] due process right to cross-examine the vocational expert upon whose testimony the ALJ relied to deny his claim"; and 2) "erred in rejecting the opinions of multiple treating and examining medical sources, in concluding that [Plaintiff] could sustain attention and focus on a full-time basis, and in finding that [Plaintiff] retained the capacity to perform the mental demands of unskilled work." Plaintiff's Brief (Doc. No. 17; "Pl.'s Br."), filed June 8, 2023, at 1; see id. at 9-13, 13-24. On July 31, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") addressing the issues. Then, as permitted, Plaintiff on August 14, 2023 filed Plaintiff's Reply Brief (Doc. No. 22; "Reply").

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's

final decision is due to be reversed and remanded for further development of the record in the form of proper cross-examination of a VE. On remand, reevaluation of this evidence may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[7]        "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; <u>see also</u> <u>Simon v. Comm'r, Soc. Sec. Admin.</u>, 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. <u>See</u> Tr. at 15-43. Prior to engaging in the inquiry, the ALJ found that Plaintiff "last met the insured status requirements of the Social Security Act on March 31, 2020" (the date last insured, or "DLI"). Tr. at 15. At step one, the ALJ determined Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of April 30, 2019 through his [DLI] of March 31, 2020." Tr. at 15 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the [DLI, Plaintiff] had the following severe impairments: spine disorder; respiratory disorder; ADHD; major depressive disorder/adjustment disorder; anxiety disorder; mild cognitive disorder." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the [DLI, Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

The ALJ determined that through the DLI, Plaintiff had the following RFC:

> [Plaintiff could] perform medium work as defined in 20 CFR [§] 404.1567(c) except: no more than frequent stooping, crawling, climbing of ladders, ropes, and scaffolds; need[ed] an indoor, temperature-controlled work environment; no more than simple, routine, repetitive tasks.

Tr. at 19 (emphasis omitted). At step four, the ALJ relied on the testimony of the First VE and found that "[t]hrough the [DLI, Plaintiff] was unable to perform any past relevant work" as a "geologist," a "petroleum geologist," and a "cashier-checker." Tr. at 41 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("59 years old . . . on the [DLI]"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the First VE's testimony and found that through the DLI, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 42 (emphasis and citation omitted), such as "floor waxer," "dining room attendant," and "machine feeder," Tr. at 42-43. The ALJ concluded Plaintiff "was not under a disability . . . at any time from April 30, 2019, the alleged onset date, through March 31, 2020, the [DLI]." Tr. at 43 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

# IV.   Discussion

Plaintiff argues that his due process rights were violated because the ALJ did not allow him to cross examine the First VE, whose testimony was adopted when the ALJ in the written Decision made the step-five findings about the type of work Plaintiff can perform. Pl.'s Br. at 1, 9-13. Responding, Defendant contends that because Plaintiff was permitted to cross examine the Second VE, the ALJ fulfilled the obligation to conduct a full and fair hearing and no due process violation resulted. Def.'s Mem. at 5-6.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quotation and citation omitted). "It is indisputable that the ability to cross-examine witnesses is fundamental to due process." Marin v. Comm'r of Soc. Sec., 535 F. Supp. 2d 1263, 1265 (M.D. Fla. 2008). Although the right to due process "is not absolute in administrative cases," a social security "claimant is entitled 'to conduct such cross-examination as may be required for a full and true disclosure of the facts.'" Contreras v. Comm'r of Soc. Sec., No. 2:18-cv-739-FtM-MRM, 2020 WL 131684, at *5 (M.D. Fla. Mar. 20, 2020) (citing, inter alia, Cent. Freight Lines, Inc. v. United States, 669 F.2d 1063, 1068 (5th Cir. 1982) and quoting 5 U.S.C. § 556(d)). An ALJ "appears to" have discretion to determine whether cross examination is warranted. Martz v.

Comm'r, Soc. Sec. Admin., 649 F. App'x 948, 963 (11th Cir. 2016) (citation omitted).

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)). To remand for failure to develop evidence, the record must contain "evidentiary gaps which result in unfairness or clear prejudice." Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935).

Here, the ALJ during the May 25, 2021 hearing called the First VE as a witness and asked the First VE about various jobs that an individual with certain hypothetical limitations can perform. Tr. at 93-98. After this line of questioning, Plaintiff's attorney attempted to cross examine the VE.[8] Tr. at 107. Because the ALJ had determined to schedule a supplemental hearing,

---

[8]    Plaintiff's attorney first examined her client before asking to cross examine the VE.

however, the ALJ did not permit the cross examination. Tr. at 107-08. The ALJ indicated that Plaintiff's attorney could question a VE at the supplemental hearing. Tr. at 107-08.

During the supplemental hearing on February 8, 2022, the Second VE appeared. See Tr. at 52. The Second VE was not asked by the ALJ about any jobs that a hypothetical individual could perform; instead, the ALJ chose only to confirm that the Second VE knew of the duty to advise the ALJ and Plaintiff if his testimony conflicted with the Dictionary of Occupational Titles. See Tr. at 77-79. The ALJ allowed Plaintiff's attorney to examine the Second VE, and the attorney focused on establishing that an individual with limitations that are contained in an opinion of Plaintiff's treating physician could not sustain competitive employment. Tr. at 77-79. After this brief line of questioning, and without any discussion of the subjects of the First VE's testimony, the hearing ended. See Tr. at 80. In issuing the written Decision, the ALJ relied entirely on the First VE's testimony about the types of jobs Plaintiff can perform. See Tr. at 42-43.

Under the circumstances, Plaintiff's due process rights were violated, the record was not fully developed, and clear prejudice resulted. Plaintiff's attorney was never permitted to test the First VE's conclusions about the types of jobs that he could have performed. See Marin, 535 F. Supp. 2d at 1265 (citation omitted) (reversing and remanding when an ALJ restricted cross examination

of a VE in an "arbitrary" manner, finding "[t]he decision issued by the ALJ clearly relied on [the VE's] testimony, and the credibility of that testimony was untested").

Defendant argues that because the ALJ permitted Plaintiff to question the Second VE, the ALJ fulfilled the obligation to conduct a full and fair hearing. See Def.'s Mem. at 5-6. This argument does not carry the day. The Second VE was not asked about and did not testify about any of the matters about which the First VE testified. There simply is no way to determine whether the Second VE would have testified along the same lines, and it was not Plaintiff's burden at step five to make the case that he could have performed work that existed in significant numbers in the national economy. That burden rested with the Administration. See Bowen, 482 U.S. at 146 n.5. Because Plaintiff was not permitted to test the credibility of the First VE on whose testimony the step five findings were based, Plaintiff did not receive the proper due process, the record has not been fully developed, and clear prejudice has resulted. Accordingly, reversal with remand is required.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final

decision and **REMANDING** this matter with the following instructions:

(A)     Reconvene a hearing, allowing Plaintiff to fully cross examine the VE about the types of work he can perform;

(B)     If appropriate, address Plaintiff's other argument in this appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 21, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record